IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| LARRY WAYNE LUNDY JR TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF HAWAI'I,<br><br>Defendant. | Civil No. 23-00454 MWJS-WRP<br><br>ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND FOR LACK OF SUBJECT MATTER JURISDICTION |

## **INTRODUCTION**

Pro se plaintiff Larry Wayne Lundy Jr. commenced this action on November 2, 2023.  ECF No. 1.  Because the complaint appeared to inadequately allege subject matter jurisdiction, this Court issued an Order to Show Cause, directing Plaintiff to show why this action should not be dismissed without leave to amend.  ECF No. 19.  Plaintiff filed a response on April 26, 2024, ECF No. 21,[1] but it fails to identify a basis for subject matter jurisdiction.  The Court therefore DISMISSES the complaint without leave to amend and DENIES the State of Hawaii's motion to dismiss as moot.

---

[1] Plaintiff labels the response a "Petition for redress of grievances claim for relief," and he adds Adem Guzman and Cheryl Salmo as defendants.  ECF No. 21.  Because it includes new allegations, new parties, a jurisdiction section, and a prayer for relief, the Court construes this "Petition" as an amended complaint.  It is referred to as a "response" for ease of exposition.

## DISCUSSION

For a federal court to consider a case, it must have subject matter jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). As explained in the Order to Show Cause, the original complaint did not sufficiently allege diversity jurisdiction, for the sole named defendant was the State of Hawaiʻi, which is not a "citizen" for purposes of diversity jurisdiction. *See* ECF No. 19, at PageID.228 (quoting *Moor v. County of Alameda*, 411 U.S. 693, 717 (1973)). Although Plaintiff appears to add Cheryl Salmo and Adem Guzman as defendants, that does not cure this deficiency: diversity jurisdiction cannot lie so long as the state is "the real party in interest." *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1123 (9th Cir. 2013). Not only does the State of Hawaiʻi remain named as a defendant in this case, but Plaintiff primarily complains of the conduct of "'state' actors," and he asks for "the state [to] settle the matter." ECF No. 21, at PageID.233, 236. Whether explicitly named or not, the State remains the real party in interest, defeating diversity jurisdiction.

The Court, then, can only consider this case if it presents a federal question, that is, if it implicates a federal law or the Constitution. *See* ECF No. 19, at PageID.228 (Order to Show Cause) (citing 28 U.S.C. § 1331). And if the Court lacks federal question jurisdiction, it must dismiss the complaint. Fed. R. Civ. P. 12(h)(3).

Plaintiff has not adequately alleged federal question jurisdiction here. In his response to the Order to Show Cause, Plaintiff makes several new factual allegations. Allegedly, in 2006, he was "accosted" by "Adem Guzman," ECF No. 21, at PageID.233, who is said to be an employee of the State of Hawaiʻi, *id.* at PageID.234. Plaintiff claims that he "erroneously allowed [his] private property to be searched" and was "kidnap[ped]" after Guzman found certain "private property." *Id.* at PageID.233. Plaintiff allegedly suffered an "unlawful arrest and detainment" and served "more than 1825 days," during which his "body was used as surety and security interests were created in [his] namesake." *Id.*[2]

Plaintiff appears to claim that, in 2022, he initiated administrative proceedings to seek redress. *Id.* But allegedly, "no remedy has to date been released to" Plaintiff. *Id.* at PageID.234. Plaintiff then brought this federal suit, which he says is a "declaratory judgment complaint against the abscondant [sic] debtor known as Adem Guzman via state of hawaii as his employer." *Id.*

Plaintiff asks this Court to "requir[e] the state [to] settle the matter" by paying him nearly $3 billion and to collect those funds from the "abscondant [sic] debtor(s)." *Id.* at PageID.236. Alternatively, Plaintiff says, the Court can "return

---

[2]   Along with his written response, Plaintiff attached several documents, one of which appears to be a record of a criminal offense. ECF No. 21-1, at PageID.246. Plaintiff's response thus appears to be referencing a 2006 arrest and subsequent guilty plea to several drug charges, for which he faced a five-year sentence. *Id.*

3

all financial securities created in the likeness of LARRY WAYNE LUNDY." *Id.* Or the Court can "collaps[e] the PCT and solidify the status of [Plaintiff] as living in full life with lawful equitable claims to life and liberty." *Id.*

These new allegations do not cure the complaint's jurisdictional defect. They do not offer a plausible basis for federal relief and therefore cannot confer subject matter jurisdiction. *See Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." (cleaned up)); *see also Balik v. City of Torrance*, 841 F. App'x 21, 21 (9th Cir. 2021) (affirming the dismissal of a complaint because its "claims are too frivolous and unsubstantial to invoke subject matter jurisdiction").

Nor do any of the cited statutes raise a federal question. The original complaint mentioned several federal statutes in passing, and the response now attempts to explain their relevance. According to Plaintiff, the Foreign Sovereign Immunities Act may apply because "the complaint implicates violations that transcend state borders"; the RICO Act is relevant because the complaint "asserts instances of racketeering[ and] kidnapping"; the Sherman Act "ensur[es] fair competition in the market" and there are clear "antitrust violations" here; the Graham-Leach-Bliley Act regulates "financial institutions," which "may be

4

pertinent to the issuance and management of surety bonds"; and the "Baby Miller Act . . . underscores the federal nexus of the alleged violations." ECF No. 21, at PageID.237-38.  Finally, Plaintiff asks to "further elucidate in private, these exclusive connections," for how could "the actors for 'the state' not [have] violated at least one statute in each of the listed acts?" *Id.* at PageID.238.

These statements do not create jurisdiction.  Federal question jurisdiction is not conferred by "the mere reference of a federal statute in a pleading." *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997).  Nor is it conferred by a "wholly insubstantial and frivolous" claim.  *Bell v. Hood*, 327 U.S. 678, 682-83 (1946).  Instead, the federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  No federal question is so presented here.

This Court thus lacks the subject matter jurisdiction to entertain this suit.  Because of this fatal defect, and because the Court has already given Plaintiff one

//

//

//

//

//

//

prior opportunity to address the defect, granting further leave to amend would be futile.  *See Lund v. Cowan*, 5 F.4th 964, 973 (9th Cir. 2021).[3]

## **CONCLUSION**

Accordingly, the Court DISMISSES Plaintiff's complaint without leave to amend and DENIES as moot the State of Hawaii's motion to dismiss.  The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

DATED:  April 30, 2024, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

---

[3]    Plaintiff's complaint might be charitably construed as alleging an unlawful search and seizure—in 2006—in violation of his Fourth Amendment rights.  But even if Plaintiff amended his complaint to assert this claim pursuant to 42 U.S.C. § 1983 as against Adem Guzman, this action would be barred by the statute of limitations.  *See Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 743 (9th Cir. 2019) (noting that actions brought under § 1983 are subject to the forum state's statute of limitations for personal injury actions, which in Hawaiʻi is two years (citing Haw. Rev. Stat. § 657-7)).  Amendment would therefore be futile.

---

Civil No. 23-00454 MWJS-WRP; *Larry Wayne Lundy Jr Trust v. State of Hawaiʻi*; ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND FOR LACK OF SUBJECT MATTER JURISDICTION